Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL (I)

| EDIEL MONTALVO RAMOS, ISMAIVA RODRÍGUEZ MATEO<br><br>Peticionarios<br><br>Ex Parte<br><br><br>ISMAIVA RODRÍGUEZ MATEO<br><br>Peticionaria | KLCE202400737 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Civil núm.: J DI2011-1101 (404)<br><br>Sobre: Divorcio |
|---|---|---|

Panel integrado por su presidente el Juez Sánchez Ramos, el Juez Rivera Torres y el Juez Salgado Schwarz.

**Rivera Torres, Juez Ponente**

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 10 de julio de 2024.

Comparece ante este tribunal apelativo la Sra. Ismaiva Rodríguez Mateo (la peticionaria) mediante el recurso de certiorari del epígrafe solicitándonos que revoquemos la *Resolución y Orden* emitida el 29 de mayo de 2024 por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI), notificada al día siguiente. Mediante este dictamen, el foro primario, entre otras determinaciones, concedió la custodia provisional del menor S.M.R. al Sr. Ediel Montalvo Ramos y de igual manera, suspendió las relaciones maternofiliales.

Por los fundamentos que expondremos a continuación, se desestima el recurso por falta de jurisdicción ante su presentación prematura.

**I.**

**Jurisdicción, Asunto de Umbral**

El Tribunal Supremo de Puerto Rico ha reiterado en diversas ocasiones que los tribunales debemos ser celosos guardianes de

nuestra jurisdicción. *Cordero et al. v. ARPe et al,* 187 DPR 445 (2012); *Vázquez v. ARPe,* 128 DPR 513, 537 (1991); *Martínez v. Junta de Planificación,* 109 DPR 839, 842 (1980). Las cuestiones relativas a la jurisdicción, por ser privilegiadas, deben ser resueltas con preferencia a cualesquiera otras. *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007); *Morán v. Martí,* 165 DPR 356, 364 (2005); *Vega et al. v. Telefónica,* 156 DPR 584, 595 (2002). Una vez un tribunal entiende que no tiene jurisdicción solo tiene autoridad para así declararlo y; por consiguiente, desestimar el recurso. *Carattini v. Collazo Systems Analysis, Inc.,* 158 DPR 345, 355 (2003).

La jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos y controversias. *ASG v. Mun. San Juan,* 168 DPR 337 (2006); *Brunet Justiniano v. Gobernador,* 130 DPR 248 (1992). Los tribunales deben velar cuidadosamente por su propia jurisdicción y abstenerse de asumirla donde no existe. *Vázquez v. ARPe,* supra. Es por ello que, como celosos guardianes de nuestro poder de intervención apelativa, si carecemos de jurisdicción para atender los méritos de un recurso, nuestro deber es así declararlo y sin más, proceder a desestimar. *García v. Hormigonera Mayagüezana,* 172 DPR 1, 7 (2007); *Carattini v. Collazo Systems Analysis, Inc.,* supra.

Por su parte, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, sobre desistimiento y desestimación nos concede facultad para desestimar por iniciativa propia un recurso de apelación o denegar la expedición de un auto discrecional, entre otras razones, por falta de jurisdicción. La jurisdicción es un asunto respecto el cual debemos guardar celo y examinar con cuidado, pues si no poseemos autoridad en ley para dirimir una causa, cualquier pronunciamiento será nulo, salvo que

sea para declarar la falta de jurisdicción y desestimar. *Pagán v. Alcalde Mun. De Cataño,* 143 DPR 314 (1997).

**II.**

Examinado el recurso ante nuestra consideración, nos corresponde primariamente auscultar si tenemos jurisdicción debido a que, por ser materia privilegiada, debemos atenderla con preferencia a cualquier otro asunto planteado. Esto, aún cuando las partes no lo hayan argumentado o solicitado. *Carattini v. Collazo Systems Analysis, Inc.,* supra, a la pág. 355.

Surge del trámite procesal que la *Resolución y Orden* recurrida se notificó el 30 de mayo de 2024. Inconforme, al día siguiente, la peticionaria instó una *Moción de Reconsideración.* No obstante, y como bien se advirtió en el escrito del recurso, al presentarse **el 1 de julio**[1] el auto de *certiorari* ante el TPI, el referido petitorio estaba pendiente de consideración ante dicho tribunal.

Ahora bien, surge del Sistema Unificado de Manejo y Administración de Casos (SUMAC) y a su vez, tomamos conocimiento judicial que el 4 de junio de 2024, notificada el 2 de julio, el tribunal *a quo* emitió una *Resolución* declarando *No ha lugar* a la *Moción de Reconsideración.* Es decir, la determinación que atendió la reconsideración se notificó al día posterior de haberse presentado el recurso ante el Tribunal de Primera Instancia.

Sobre este particular, dispone la Regla 47 de las de Procedimiento Civil, 32 LPRA Ap. V. R. 47, que "Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. **Estos términos comenzarán a correr nuevamente desde la fecha en que se**

---

[1] El recurso se notificó ante este foro apelativo el 3 de julio de 2024, entiéndase dentro de las cuarenta y ocho (48 horas), según exige la Regla 33(A) del Reglamento del Tribunal de Apelaciones. Asimismo, el 8 de julio la Secretaria Auxiliar del TPI notificó a esta *Curia* de la presentación del escrito de *certiorari* en el referido foro el 1 de julio.

**archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración**." (Énfasis nuestro)

Por tanto, al haberse presentado el recurso, previo a que el TPI hubiese notificado el dictamen resolutorio de la solicitud de reconsideración, nos encontramos ante un recurso prematuro. Por lo que, resulta forzoso colegir que procede su desestimación.

Al respecto, recordemos que un recurso prematuro es aquel que se presenta en la secretaría de un tribunal apelativo antes de que este adquiera jurisdicción. Al igual que un recurso tardío, el recurso prematuro adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre. Ello es así puesto que su presentación carece de eficacia y no produce ningún efecto jurídico, pues en ese momento o instante en el tiempo, "punctum temporis", aún no ha nacido autoridad judicial o administrativa alguna para acogerlo. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97-98 (2008).

### III.

Por los fundamentos antes expuestos, procede desestimar el recurso de *certiorari* ante la falta de jurisdicción por prematuridad.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones